IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

KADIM GULTEKIN,                          §
                                         §
              Plaintiff,                  §
                                         §
v.                                       §          1:25-CV-1188-RP
                                         §
JOSEPH B. EDLOW, *in his official capacity as the*  §
*Director of U.S. Citizenship and Immigration Services*,  §
et al.,                                  §
                                         §
              Defendants.                §

## ORDER

Before the Court is Defendants Joseph B. Edlow, in his official capacity as the Director of

U.S. Citizenship and Immigration Services ("USCIS"); Kristi Noem, in her official capacity as the

Secretary of the U.S. Department of Homeland Security; and the Director of the USCIS San

Antonio Field Office's (together, "Defendants") Motion to Dismiss, filed on February 2, 2026. (Dkt.

8). Plaintiff Kadim Gultekin ("Plaintiff"), proceeding *pro se*, did not file a response to the motion.

Per Local Rule CV-7(d), if a plaintiff does not file a response to a defendant's motion to dismiss

after fourteen days from the filing of the motion, this Court may grant the motion as unopposed. *See*

W.D. Tex. Loc. R. CV-7(d). Having considered Defendants' motion, the record, and the relevant

law, the Court finds that the unopposed motion should be granted.

## I. BACKGROUND

Plaintiff, a citizen of Turkey, applied for lawful permanent resident status by filing a Form I-

485, Application to Register Permanent Residence or Adjust Status, with USCIS on June 8, 2022.

(Compl., Dkt. 1, at 4). On July 30, 2025, Plaintiff filed his Complaint in this Court asking the Court

to compel Defendants to adjudicate his Form I-485. (*Id.* at 6–7). On October 11, 2025, USCIS

1

notified Plaintiff that his I-485 application had been approved, mooting Plaintiff's claims. (Ex. 1 to Resp. Order to Show Cause, Dkt. 6-1, at 2).

On January 26, 2026, in response to an order to show cause from the Court, Defendants represented that Plaintiff told Defendants that he had filed a voluntary dismissal with the Court on January 5, 2026 and attached a copy of said dismissal. (Resp. Order to Show Cause, Dkt. 6, at 2; Ex. 4 to Resp. Order to Show Cause, Dkt. 6-4). As such, Defendants missed their January 5, 2026 deadline to file an answer or motion to dismiss. (Resp. Order to Show Cause, Dkt. 6, at 2). On January 22, 2026, Defendants again contacted Plaintiff to confirm he filed his dismissal. (*Id.*). Plaintiff indicated that he had not and instead stated that he sent the Court the dismissal via email on January 22, 2026. (*Id.*; Ex. 5 to Resp. Order to Show Cause, Dkt. 6-5). The Court never received that email, and the Court does not accept filings via email. The Court then granted Defendants leave to file their Motion to Dismiss. (Text Order dated February 2, 2026).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in

the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### III. DISCUSSION

The Court finds that Plaintiff's claims are moot because USCIS approved his Form I-485. (Ex. 1 to Resp. Order to Show Cause, Dkt. 6-1, at 2). "If a dispute has been resolved or if it has evanesced because of changed circumstances . . . it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). Federal courts may adjudicate only "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Because Plaintiff's Form I-485 has been approved, there is no actual, ongoing controversy for the Court to adjudicate. *Id.* Therefore, Plaintiff's claims must be dismissed for lack of subject matter jurisdiction.

### IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Defendants' Motion to Dismiss, (Dkt. 8), is **GRANTED**. Plaintiff's claims against Defendants are **DIMISSED WITH PREJUDICE**.

　　　**SIGNED** on March 3, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

3